**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GALLUP, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>MARKETING RESEARCH SOLUTIONS S.A.,<br><br>*Defendant*. | Civil Action No. 26-00840 (AHA) |

**Memorandum Opinion and Order**

Gallup, Inc. petitions to confirm its arbitral award against Marketing Research Solutions S.A., which waived service and then did not appear to defend itself in this court. Gallup obtained an entry of default and now moves for default judgment. The court grants the motion and confirms the arbitral award.

## I. Background[1]

In 2022, Gallup contracted with Marketing Research Solutions and paid it $150,651.75 to carry out public polling across Central America. ECF No. 1 ¶¶ 11–12. Marketing Research Solutions did not do that work and, in 2023, admitted this and agreed to refund the total amount to Gallup. *Id.* ¶¶ 13–14. But Marketing Research Solutions did not refund the money. *Id.* ¶ 15. Gallup therefore filed an arbitration claim and, with Marketing Research Solutions' express consent, the

[1] The court draws the facts here from Gallup's petition and the evidence submitted with its default judgment motion. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (explaining that, on a motion for default judgment, the defendant "is deemed to admit every well-pleaded allegation in the complaint"); *Abera v. ReadyRemodeling LLC*, No. 23-cv-2381, 2026 WL 110332, at *3 (D.D.C. Jan. 14, 2026).

arbitrator awarded Gallup the full amount owed plus arbitration-related costs. *Id.* ¶¶ 17–20. The arbitrator ordered Marketing Research Solutions to pay Gallup by February 8, 2025, after which interest would accrue at a rate set by D.C. law. *Id.* ¶ 21; *see* ECF No. 1-2 at 3 (arbitration award).

Marketing Research Solutions has not paid, and Gallup petitioned this court to confirm the award. Marketing Research Solutions waived service and has not appeared. ECF No. 5. The clerk entered default, ECF No. 7, and Gallup now moves for a default judgment that confirms its arbitral award. ECF No. 8.

## II. Discussion

Though dispositions on the merits are generally favored, the federal rules empower a court to enter default judgment against a party that fails to defend its case. Fed. R. Civ. P. 55(b)(2); *see also Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (noting that default judgment is designed to protect plaintiffs from "interminable delay" in the face of "an essentially unresponsive party"). The rules set out two steps for getting a default judgment. First, if the defendant "has failed to plead or otherwise defend," the plaintiff seeks an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). Upon entry of default, "an allegation—other than one relating to the amount of damages—is admitted." Fed. R. Civ. P. 8(b)(6); *see also Adkins*, 180 F. Supp. 2d at 17. The plaintiff then moves for default judgment. Fed. R. Civ. P. 55(b). Awarding that relief "is not automatic." *Mwani*, 417 F.3d at 6. "A motion for default judgment will be denied unless the allegations in the complaint are legally sufficient to make out a claim." *Saint-Jean v. D.C. Pub. Schs. Div. of Transp.*, 815 F. Supp. 2d 1, 4 (D.D.C. 2011) (citing *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980)). If the court concludes default judgment is appropriate, it must then make an "independent determination of the sum to be awarded" based on the plaintiff's "affidavits or documentary evidence." *Id.* at 3 n.1.

Here, having obtained an entry of default, Gallup seeks default judgment on its petition to confirm its arbitral award against Marketing Research Solutions under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *See* 9 U.S.C. § 201 (requiring that the convention "be enforced in United States courts"). The court must confirm an arbitral award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Id.* § 207. "Consistent with the 'emphatic federal policy in favor of arbitral dispute resolution,'" district courts have "little discretion in refusing or deferring enforcement of foreign arbitral awards." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 727 (D.C. Cir. 2012) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)).

Courts may deny confirmation when (1) the arbitration agreement was invalid, (2) a party lacked proper notice of the proceedings, (3) the award exceeded the scope of arbitration, (4) the makeup of the tribunal otherwise violated the parties' agreement, or (5) the award has not yet become binding. *See* Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. V(1), June 10, 1958, T.I.A.S. No. 6997. Courts may also *sua sponte* decline to enter arbitral awards on grounds that "[t]he subject matter . . . is not capable of settlement by arbitration" or the award is "contrary to the public policy" of the United States. *Id*. art. V(2). None of these conditions apply here. Gallup's submissions establish that the arbitration followed the terms of the parties' valid contract, that both parties participated in the proceedings, and, indeed, that Marketing Research Solutions consented to the ultimate arbitral award. ECF No. 1-2 at 1–3. And there is nothing to suggest that a contract dispute is incapable of settlement by arbitration, or that arbitration is contrary to the public policy of the United States—indeed, the Supreme Court has recognized an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors,*

473 U.S. at 631. At the same time, Marketing Research Solutions has not appeared to defend itself and is an "essentially unresponsive party." *Mwani*, 417 F.3d at 7. The court therefore concludes that default judgment on Gallup's petition to confirm its arbitration award is appropriate. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) ("Given the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." (quotation marks omitted)).

The court also finds Gallup has adequately supported its damages. The arbitrator awarded Gallup $156,151.75—the contract refund amount, plus the costs of arbitration—to be paid by February 8, 2025. ECF No. 1-2 at 3. Because Marketing Research Solutions did not pay by that date, interest has since been accruing "at the applicable legal rate," which is set at 6% per year. *Id.*; *see* D.C. Code Ann. § 28-3302(a). The court therefore orders Marketing Research Solutions pay Gallup $156,151.75, plus the post-award interest that has accrued from February 9, 2025 to date, at a rate of 6% compounded annually. Gallup also seeks post-judgment interest at the rate specified in 28 U.S.C. § 1961. "A judgment confirming an arbitration award—like any other civil judgment—is subject to § 1961." *Mediso Med. Equip. Developing Servs. v. Bioscan*, 75 F. Supp. 3d 359, 364 (D.D.C. 2014) (quoting *Tricon Energy v. Vinmar Int'l,* 718 F.3d 448, 457 (5th Cir. 2013)). The court concludes that awarding post-judgment interest is appropriate and orders Marketing Research Solutions pay post-judgment interest on the total judgment amount at the statutory rate.

## III. Conclusion

For these reasons, the court grants Gallup's motion for default judgment in the amount of $156,151.75, post-award interest at a rate of 6% annually from February 9, 2025 through the date

of this memorandum opinion and order, as well as post-judgment interest on the total judgment amount at the rate specified in 28 U.S.C. § 1961. Gallup shall file a proposed judgment consistent with this opinion.

AMIR H. ALI
United States District Judge

Date: November 6, 2026